**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FREDERICK MAXIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-CV-1978 NAB |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on Petitioner Frederick Maxie's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Respondent Troy Steele filed a response. [Doc. 7.] Maxie filed a Reply Brief. [Doc. 9.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 5.] For the reasons set forth below, Maxie's petition for writ of habeas corpus will be denied.

## I. Background

On April 9, 2010, Maxie appeared with counsel and pled guilty to two counts of second degree murder, three counts of armed criminal action, and one count of first degree robbery. (Resp't Ex. 1 at 37-38.) The government stated that the factual basis for the guilty plea was as follows:

> In Count 1 the State would show Frederick Maxie committed the Class A felony of murder in the Second Degree in that on or about September 18, 2008, 7019 Plymouth in St. Louis County the defendant knowingly caused the death of Shamika Herman by stabbing her. In Count 2 the State would show that Frederick Maxie committed the felony of armed criminal action at the same time and location as the

> murder of in Count 1, the defendant committed that murder in the Second Degree allegation which are incorporated herein by reference, and the defendant committed the foregoing murder in the Second Degree by, with and through, the knowing use, assistance, and aid of a deadly weapon. Count 3 the State would show Frederick Maxie committed the Class A felony of murder second Degree, the same date, same time and location as Counts 1 and 2, the defendant knowingly caused the death of the unborn baby of Shamika Herman by stabbing Shamika Herman and killing her; therefore ending the life of the unborn baby.
>
> And in Count 4 the State would show that Frederick Maxie committed the felony of armed criminal action, again, same time location as the murder outlined in Count 3, the defendant committed that murder by, with and through, the knowing use, assistance, and aid of a deadly weapon. Count 5 the State would show that Frederick Maxie committed the Class A felony of robbery First Degree in that same time and location as the previous counts still in St. Louis County, the defendant forcibly stole U.S. currency in the possession of Blanche Timms, and in the course thereof, the defendant caused serious physical injury to Shamika Herman. Count 6 the State would show that Frederick Maxie committed the felony of armed criminal action, same time and location as the robbery outlined in Count 5, that the defendant committed that robbery in the First Degree in Count 5 by, with and through, the knowing use, assistance, and aid of a deadly weapon.
>
> Your honor, Blanche Timms came home. She's the grandmother of the victim, Shamika Herman. She came home and to find her granddaughter laying in the living room and she was dead. She had been stabbed several times with a knife. They located the defendant's wallet in the kitchen. He was not supposed to be there. When they contacted him and talking, he made several statements. In the last statement he admitted at one point he had gotten a knife when he was in the house and he stabbed Shamika several times.

(Resp't Ex. 1 at 28-30.) Maxie's counsel and the prosecutor also noted for the record that Maxie had done a video re-enactment of the crime. (Resp't Ex. 1 at 30-31.) Maxie answered in the affirmative when asked by the judge if the evidence as stated by the assistant prosecuting

attorney and his attorney was substantially correct. (Resp't Ex. 1 at 31.) Maxie affirmed on the record that he understood the charges before the court, his attorney fully explained the charges pending against him, and his attorney explained the elements that made up the crimes and any defenses to them. (Resp't Ex. 1 at 28.) The prosecutor stated that the range of punishment for the Class A felonies was from 10 years up to 30 years or life in prison and the armed criminal action felonies' punishment range was 3 years to life imprisonment. (Resp't Ex. 1 at 31.) Maxie answered in the affirmative when asked if he understood that the maximum for each count was life in prison and that the judge could run six life sentences consecutive to each other. (Resp't Ex. 1 at 31.) The state recommended that Maxie receive concurrent sentences of life in prison on Counts 1, 2, 4, 5, and 6 and 10 years on Count 3 to run consecutive to the other counts. (Resp't Ex. 1 at 32.) Maxie affirmed on the record that (1) the plea recommendation on the record was what he understood it to be when he entered his guilty pleas as part of a plea bargain, (2) no one made any promises to him or his family to induce him to plead guilty, (3) his attorney answered all of his questions about the charges, (4) he had enough time to discuss the case with his attorney, (5) he had no complaints or criticisms of his attorney, (6) he understood he had a right to trial by jury and that he was waiving that right, and (7) he wanted to plead guilty. (Resp't Ex. 1 at 32-36, 43.) The judge sentenced Maxie in accordance with the state's recommendation and plea bargain with Maxie. (Resp't Ex. 1 at 39-40, 43.)

On May 17, 2010, Maxie filed a pro se motion to vacate, set aside, or correct the judgment or sentence, pursuant to Missouri Supreme Court Rule 24.035, which was amended by counsel on August 19, 2010. (Resp't Ex. 1 at 49-54, 60-82.) The trial court denied Maxie's Rule 24.035 motion and his request for an evidentiary hearing. (Resp't Ex. 1 at 85-96.) Maxie filed a notice of appeal regarding the denial of his Rule 24.035 motion and the Missouri Court of

Appeals affirmed the denial of the motion. (Resp't Ex. 4.) Maxie filed this petition for writ of habeas corpus on October 22, 2012. [Doc. 1.]

## II. Legal Standard

The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings (1) resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings." 28 U.S.C. § 2254(d)(1)-(d)(2) (1996). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For purposes of § 2254(d)(1), "the phrase 'clearly established Federal law,'. . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (noting that the statutory phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision"). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or applied unreasonably. *Evenstad v. Carlson,* 470 F.3d 777, 783 (8th Cir. 2000) (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006)).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). "A state court decision [is] an 'unreasonable application of' clearly established [Supreme Court] precedent if it 'correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case.'" *Id*. (citing *Williams*, 529 U.S. at 407–408). Furthermore, as the Supreme Court has clarified: "[E]ven if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable." *Evenstad*, 470 F.3d at 782 (citing *Penry*, 532 U.S. at 792). "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.* (internal citations omitted).

## III. Discussion

Maxie asserts that he is entitled to habeas relief, because his federal and state constitutional rights were violated when the trial court accepted guilty pleas for robbery and armed criminal action without a sufficient factual basis to support the charges. Respondent contends that Maxie's claims are not cognizable on federal habeas review and fail on the merits.

### A. Request for Evidentiary Hearing

First, Maxie requests an evidentiary hearing regarding his claim. [Doc. 9.] The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") provides that

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). The Court concludes that no ground of the petition requires further evidentiary development for its resolution and Maxie fails to demonstrate that an evidentiary hearing is justified under the requirements of 28 U.S.C. § 2254(e)(2). The request for an evidentiary hearing is therefore denied.

**B. Insufficient Factual Basis for Guilty Pleas**

Maxie asserts that because there were insufficient facts to support his conviction, the court should not have accepted his guilty plea. Federal courts are limited to deciding whether a claim that was adjudicated on the merits in state court proceedings resulted in a decision that is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings." 28 U.S.C. § 2254(d)(1)-(d)(2) (1996). Unless there is a claim of innocence, there is not a federal constitutional requirement that a guilty plea have a factual basis. *See Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982). In this case, Maxie has not alleged that he was innocent of the charged offenses. During the plea hearing, Maxie acknowledged that he was changing his plea from not guilty to guilty and the evidence as stated by the prosecutor was substantially correct. (Resp't Ex. 1 at 4, 31, 37-38.) At no point during the plea and sentencing hearing nor in any

subsequent proceedings has Maxie asserted that he was innocent of the charged offenses. Therefore, this case is not a case where the petitioner is seeking analysis of the factual basis of a guilty plea in the context of a claim of innocence. *See Davis v. Russell*, No. 4:08-CV-138 CDP, 2011 WL 1770932 at *9 (E.D. Mo. May 10, 2011). Accordingly, this claim is not cognizable in a claim for federal habeas relief.

Federal courts have addressed claims that guilty pleas in state court lacked a factual basis when discussing the knowing and voluntary nature of the plea. *See e.g.*, *Travis v. Lockhart*, 787 F.2d 409, 410 (8th Cir. 1986). A guilty plea results in a defendant's waiver of his constitutional right to trial before a jury or a judge. "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. U.S.*, 397 U.S. 742, 748 (1970). "The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Porter v. Lockhart,* 925 F.2d 1107, 1110 (8th Cir. 1991) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). "A state court may not accept a guilty plea unless the defendant enters it voluntarily and with sufficient understanding of the charge and the likely consequences of the plea." *Schone v. Purkett*, 15 F.3d 785, 789 (8th Cir. 1994). "For a plea to be voluntary, a defendant must have knowledge of the law in relation to the facts." *Bailey v. Weber*, 295 F.3d 852, 855 (8th Cir. 2002). "It is sufficient if the defendant is given notice of the charge or if he in fact knows of and understands that charge." *Easter v. Norris*, 100 F.3d 523, 525 (8th Cir. 1996). A defendant's representations during the plea-taking "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990).

Upon review of the record in this case, the Court finds that Maxie's contention that his guilty plea was unknowing and involuntary due to the insufficient factual basis of his plea is without merit.[1] As stated by the court of appeals, Maxie admitted that he was guilty of the crimes, his attorney explained to him the nature and elements of the crimes, and that he had confessed to the crime of stabbing the victim several times. (Resp't Ex. 1 at 27-31; Resp't Ex. 4 at 6, 9.) The prosecutor read the information into the record at the plea hearing. (Resp't Ex. 1 at 30.) The reading of the information provided Maxie with the description of the nature of the charges against him. "When the information is clear and not complex, like the one involved here, a reading of the information puts the accused on notice of the nature of the charge against him." *Wabasha*, 694 F.2d at 158. The transcript of the plea and sentencing hearing along with other evidence in the record supports a finding that Maxie's plea was knowing and voluntary. The Missouri Court of Appeals carefully reviewed the applicable law and facts as established by the record in this case. The court of appeals' decision did not result in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings. *See* 28 U.S.C. § 2254(d)(1)-(d)(2).

Finally, to the extent that Maxie seeks the Court's review of the court of appeals' determination that that the state trial court complied with Missouri Supreme Court Rule 24.02(e), the motion is also denied. Missouri Supreme Court Rule 24.02(e) provides that "The court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the

[1] In this case, the Respondent contends that Maxie's Petition does not allege that his guilty plea was unknowing and involuntary. The Court disagrees. Maxie's Petition in this court, his pleadings in state court, and the court of appeals decision all address the principle that an insufficient factual basis can render a plea unknowing and involuntary. (Resp't Ex. 1 at 71, 78; Resp't Ex. 2 at 25-26; Resp't Ex. 4 at 5, and Doc. 1 at 8.)

plea." "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). A mere violation of state law is not cognizable in a federal habeas proceeding. *See Lee v. Norris*, 354 F.3d 846, 847 (8th Cir. 2004.) Maxie alleges that there is no factual basis for his plea, because the record contains no facts supporting the robbery charge and there was no evidence that the knife used and charged in the armed criminal action counts was a deadly weapon. The question of whether there is a factual basis for the elements of the robbery charge or if a knife is a deadly weapon does not present an issue regarding any clearly established Supreme Court precedent, but is purely a state law issue under the circumstances of this case. The Court finds that the state appeals court's affirmance of the denial of Maxie's motion for post-conviction relief did not result in a decision that is contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings. *See* 28 U.S.C. § 2254(d)(1)-(d)(2) (1996).

Based on the foregoing, the Court finds that Maxie's request for relief pursuant to 28 U.S.C. § 2254 is denied. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. [Doc. 1.]

**IT IS FURTHER ORDERED** that a separate judgment will be entered this same date.

**IT IS FURTHER ORDERED** that, for the reasons stated herein, no certificate of appealability will be issued.

Dated this 24th day of June, 2014.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE